J-S18041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT FLOOD | : | |
| | : | |
| Appellant | : | No. 2274 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 17, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002559-2018

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 12, 2021**

Appellant, Robert Flood, appeals from the judgment of sentence of 8 years and 3 months to 22 years' incarceration followed by 5 years' probation, imposed after his convictions of multiple counts of institutional sexual assault of a minor, unlawful contact with a minor, corruption of minors, and endangering the welfare of children.[1]  After careful review, we affirm.

This case arises out of sexual assaults in 2017 and early 2018 on a 16-year-old boy (Minor 1) and two 14-year-old boys (Minor 2 and Minor 3) at Devereux Behavioral Health (Devereux), a residential facility that provides mental health and behavioral treatment to boys who are placed there either

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3124.2(a.1), 6318(a)(1), 6301(a)(1)(ii), and 4304(a)(1), respectively.

by court order or by their families. Appellant was employed by Devereux at the time and supervised all three victims. In 2018, Appellant was charged with numerous counts of institutional sexual assault of a minor, unlawful contact with a minor, corruption of minors, endangering the welfare of children, and other sexual offenses.

Appellant's trial was scheduled to begin on September 3, 2019. The only charges against Appellant with respect to Minor 3 concerned his interactions with Minor 3 while Minor 3 was at Devereux. On August 30, 2019, four days before the start of trial, the Commonwealth filed a motion pursuant to Pa.R.E. 404(b)(2) to allow Minor 3 to testify to sexual incidents at a party to which Appellant took him after he left Devereux that were not acts on which the charges against Appellant were based. The Commonwealth had first learned of these sexual incidents on August 29, 2019, when prosecutors were meeting with Minor 3 to prepare for trial and Minor 3 revealed this information for the first time. N.T., 9/3/19, at 3-4; Commonwealth's Pa.R.E. 404(b) Motion at 2-3. Appellant opposed the motion to permit this testimony. The trial court granted the Commonwealth's motion, but also asked Appellant's counsel if he needed more time to prepare for trial in light of the new evidence. *Id*. at 15-16. Counsel for Appellant stated that he was ready to proceed with trial. *Id*. at 16.

Minor 1, Minor 2, and Minor 3 all testified at trial. Minor 1 testified that he arrived at Devereux on November 1, 2017, and that he and Minor 2 were

- 2 -

initially roommates. N.T., 9/4/19, at 31-32. Minor 1 testified that Appellant was a Devereux staff member who supervised him and escorted him between buildings on the campus. *Id.* at 36-38, 45. He further testified that early in his stay at Devereux, Appellant engaged in play fighting with him, Minor 2 and other residents in which Appellant would touch their genitals over their clothes. *Id.* at 48-49. Minor 1 testified that in December 2017, Appellant spoke to him about having a "threesome" with a woman, showed him a video on Appellant's phone of Appellant and the woman having sex, and had Minor 1 take photos of his genitals on Appellant's phone to show to the woman. *Id.* at 55-62. Minor 1 also testified that Appellant told him that Minor 3, whom Minor 1 did not know, had sex with this woman. *Id.* at 75-76. Minor 1 testified that later that day Appellant came into the shower stall when Minor 1 was showering, grabbed Minor 1's penis, and had Minor 1 take another photo of his genitals on Appellant's cell phone. *Id.* at 62-64. Minor 1 testified that approximately a week later, Appellant performed oral sex on Minor 1 in a classroom, saying that the woman wanted to see them having oral sex, and subsequently, on other occasions, performed oral sex on Minor 1 in a closet in the middle school gym, in the high school gym, in Minor 1's room, and in a walk-in closet of the room of Minor 2, who was no longer Minor 1's roommate. *Id.* at 64-74. Minor 1 also testified that on one occasion Appellant performed oral sex on Minor 2 in his presence while rubbing Minor 1's penis with his hand and then performed oral sex on Minor 1 while rubbing Minor 2's penis. *Id.* at

76-80. Minor 1 testified that he reported Appellant's conduct to a Devereux supervisor in late February 2018. *Id.* at 82-87, 110, 121.

Minor 3 testified that he was at Devereux from June 22, 2016 to August 24, 2017 and that from March 2017 on Appellant was a staff member who worked with him. N.T., 9/4/19, at 138-41. Minor 3 testified that on one occasion while he was at Devereux, Appellant talked with Minor 3 about having had sex with a woman and grabbed Minor 3's penis over his clothes. *Id.* at 143-44, 161. Minor 3 testified that on another occasion, Appellant came in the shower room and touched Minor 3's stomach and penis over his clothes. *Id.* at 144-45, 161. Minor 3 testified that after he left Devereux, Appellant stayed in contact with him and that Appellant took him to a party approximately a month and one half after he left Devereux. *Id.* at 147-49. Minor 3 testified that at the party, a girl performed oral sex on him, that he had anal sex with her while she performed oral sex on Appellant, and that Appellant performed oral sex on him. *Id.* at 149-51, 156.

Minor 2 testified that he was at Devereux for six months when he was 14 years old and that Minor 1 was his roommate. N.T., 9/4/19, at 189, 191-92. Minor 2 testified that Appellant was a staff member who supervised him at Devereux. *Id.* at 189-91. Minor 2 testified that in a classroom after school hours, Appellant showed him and Minor 1 a video of a naked girl on his phone and said that they should go see the girl to have sex. *Id.* at 193-98. Minor 2 testified that after showing him the video, Appellant touched Minor's 2's

penis and Minor 1's penis under their clothes. *Id.* at 198-99. Minor 2 testified that later, on more than one occasion, Appellant rubbed Minor 2's penis and put his mouth on Minor 2's penis and performed oral sex on him. *Id.* at 199-201, 210-11. Minor 2 testified that he could not say how many times this happened, but that it occurred in the walk-in closet of Minor 2's room and in a classroom and that it happened every couple of days. *Id.* at 199-204.

The Commonwealth also called a number of other witness, including Appellant's supervisor at Devereux, a Devereux supervisor who was a co-worker of Appellant when he first worked at Devereux, and three police officers who investigated the charges. Appellant's supervisor testified that Appellant was a residential counselor whose responsibilities included keeping the residents on their routine, monitoring their behavior, and citing residents for rule violations. N.T., 9/4/19, at 221, 225-28. The supervisor testified that Minor 1, Minor 2, and Minor 3 were residents with whom Appellant spent more time than other residents. *Id.* at 221-24. The supervisor also testified that Devereux staff were prohibited from having sexual contact with residents, from being alone with students in their bedrooms, and from having contact with residents after they are discharged from Devereux, and that students and staff were prohibited from being in classrooms when school was not in session. *Id.* at 230-31, 237. The supervisor testified that there were no surveillance cameras in the residents' rooms or the classrooms and that people at Devereux were aware of which places did not have cameras. *Id.* at

231-33. The supervisor testified that Minor 1 and Minor 2 reported Appellant's sex acts with them on February 22, 2018 and that he directed Appellant to leave Devereux that night. *Id.* at 228-29, 234-37.

The other Devereux supervisor testified that Appellant worked supervising and mentoring Devereux residents and escorting them on the campus. N.T., 9/5/19, at 9-10. This witness testified that Appellant had a close father or big brother relationship with Minor 1 and that Appellant worked with Minor 2 counseling him and talking to him when Minor 2 had problems with other residents. *Id.* at 27-28. She further testified that Minor 1 and Minor 2 reported Appellant's sex acts with them on February 22, 2018. *Id.* at 10-13, 19-23.

A police officer who executed search warrants for evidence testified that the footage obtained from the Devereux middle school gym surveillance camera showed nothing and that DNA testing with respect to Minor 1 was negative. N.T., 9/5/19, at 61-66, 73. This officer also testified that he did not see any communications between Appellant and Minor 1, Minor 2, or Minor 3 in the results from a search warrant for Appellant's Facebook communications. *Id.* at 68-69, 78-79. This officer testified that a search warrant was issued for Appellant's iPhone, but that police were unable to obtain that phone. *Id.* at 83-89. Another police officer, who had searched the Facebook records that the police obtained, testified that he found evidence of Facebook Messenger contact between Appellant and Minor 3 in the Facebook records, but that the

Facebook records did not show the content of these communications. *Id.* at 107-08.

A police forensic analyst called by Appellant testified that he examined a laptop, tablet, and other electronic devices, including cell phones seized from Appellant's home, and found nothing relating to the charges against Appellant. N.T., 9/5/19, at 119-21. He testified, however, that nothing on the laptop was within the time period covered by the search warrant, that he was unable to unlock the tablet, and some of cell phones were broken or damaged. *Id.* at 120-22. The police forensic analyst also testified that he examined a cell phone provided by Appellant during trial and that the earliest date of any of the data stored on that phone was March 3, 2018. *Id.* at 122-25.

Appellant testified in his own defense. Appellant testified that he was employed by Devereux as a direct support professional or behavioral specialist from March 2017 until February 28, 2018 and that he worked with Minor 1, Minor 2, and Minor 3. N.T., 9/5/19, at 129-30, 139-41. Appellant denied that he had any sexual contact with Minor 1, Minor 2, or Minor 3 and denied that he ever showed any of them pictures of a naked woman or videos of anyone having sex with a woman. *Id.* at 131-32. Appellant testified that he did have contact with Minor 3 and agreed to mentor him after Minor 3 left Devereux at the request of Minor 3's mother and admitted that this was a violation of Devereux's policy. *Id.* at 138-39, 149. Appellant denied that he ever took Minor 3 to any party. *Id.* at 152.

On rebuttal, the police officer who had searched the Facebook records testified that he found a message sent by Appellant on March 5, 2018 in which Appellant stated "iPhone fell in the snow Friday and went dead. Have to get a new phone." N.T., 9/5/19, at 187.

On September 6, 2019, Appellant was convicted by a jury of 11 counts of institutional sexual assault of a minor, 11 counts of unlawful contact with a minor, 3 counts of corruption of minors, and 3 counts of endangering the welfare of children, and was acquitted of the remaining charge that was submitted to the jury, involuntary deviate sexual intercourse. N.T., 9/6/19, at 4-9; Verdict Slip. On June 17, 2020, the trial court sentenced Appellant to consecutive terms of 9 to 24 months' incarceration on each count of institutional sexual assault of a minor and terms of 9 to 24 months' incarceration on each count of unlawful contact with a minor to run consecutive to each other but concurrently with the institutional sexual assault of a minor sentences. N.T., 6/17/20, at 25-26; Sentencing Sheet at 1-6. On each of the corruption of minors counts and endangering the welfare of children counts, the trial court sentenced Appellant to 5 years' probation to run concurrently with respect to each other and consecutive to the sentences for institutional sexual assault of a minor and unlawful contact with a minor, resulting in an aggregate sentence of 8 years and 3 months to 22 years' incarceration followed by 5 years' probation. N.T., 6/17/20, at 26; Sentencing Sheet at 6-7.

Appellant filed a post-sentence motion in which he sought a judgment of acquittal on insufficiency of the evidence grounds and a new trial on the ground that the jury's verdict was against the weight of the evidence. While this post-sentence motion was pending, Appellant also filed a supplemental post-sentence motion seeking a new trial based on after-discovered evidence of a witness who worked at Devereux who would testify that there was a atmosphere of false abuse allegations at Devereux. Supplemental Post-Sentence Motion at 1-2. On October 26, 2020, the trial court denied Appellant's post-sentence and supplemental post-sentence motions. Trial Court Opinion and Order, 10/26/20. This timely appeal followed.

Appellant presents the following four issues for our review: 1) whether the trial court erred in admitting evidence of other sexual acts with respect to Minor 3; 2) whether the evidence at trial was sufficient to support the jury's verdict; 3) whether the jury's verdict was against the weight of the evidence; and 4) whether the trial court erred in denying Appellant's motion for a new trial based on after-discovered evidence.[2] We address Appellant's second

---

[2] Appellant's brief, in violation of Rules 2111(a)(4) and 2116 of the Pennsylvania Rules of Appellate Procedure, does not contain a statement of questions involved. His brief, however, in its summary of argument and argument sections clearly identifies these four issues as the issues that he is raising and the failure to comply with Rules 2111(a)(4) and 2116 does not impede our review or the Commonwealth's ability to respond. We therefore will not quash the appeal for failure to comply with the Rules of Appellate Procedure and we address Appellant's issues on the merits. ***Werner v. Werner***, 149 A.3d 338, 341 (Pa. Super. 2016).

issue first, as it would, if completely successful, preclude a retrial, followed by his third issue, first issue and fourth issue, all of which seek a new trial.

Our standard of review in a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. … Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (quoting *Commonwealth v. Antidormi*, 84 A.3d 736 (Pa. Super. 2014)).

Appellant does not contend that the evidence at trial, if found credible by the jury, was insufficient to prove the elements of any of the crimes of which he was convicted, institutional sexual assault of a minor, unlawful contact with a minor, corruption of minors, and endangering the welfare of children. Rather, Appellant argues that the evidence was insufficient because the testimony of Minor 1, Minor 2, and Minor 3 was inconsistent, was unsupported by any physical evidence and was not credible.

Such arguments do not raise a valid challenge to the sufficiency of the evidence. Sufficiency of the evidence review does not include an assessment of the credibility of the testimony offered by the Commonwealth. *Commonwealth v. Crosley*, 180 A.3d 761, 768 n.2 (Pa. Super. 2018); *Commonwealth v. Wilson*, 825 A.2d 710, 713 (Pa. Super. 2003). Challenges to the credibility of witnesses are challenges only to the weight of the evidence, not its sufficiency. *Commonwealth v. Kinney*, 157 A.3d 968, 971-72 (Pa. Super. 2017); *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014).

While testimony that contradicts undisputed physical facts or the laws of nature may be found insufficient to support a conviction, *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000), nothing in the testimony of Minor 1, Minor 2, or Minor 3 was physically impossible or irreconcilable with any undisputed facts.[3] At most, their testimony was not corroborated by video recordings or other physical evidence. That, however, cannot make their testimony insufficient to support Appellant's convictions. Testimony of a single witness, even if uncorroborated, can constitute sufficient evidence by

---

[3] The fact that Appellant testified that he had tattoos on his body, N.T., 9/5/19, at 132-35, and that Minor 3 testified that did not notice any marks on Appellant at the party to which he took Minor 3, N.T., 9/4/19, at 164, does not make Minor 3's testimony irreconcilable with any physical evidence or undisputed fact. The only evidence that Appellant had tattoos before that incident was Appellant's own testimony, which the jury was not required to find credible. In addition, Minor 3 testified that Appellant had his pants down, but was not naked at the party. N.T., 9/4/19, at 164.

itself to support a conviction. ***Commonwealth v. Gilliam***, 249 A.3d 257, 268 (Pa. Super. 2021); ***Crosley***, 180 A.3d at 768.

Appellant does briefly also argue that there was insufficient evidence "as to the number of instances of abuse involving Minor One and Minor Three" and that therefore "there is no basis for the number of counts of which Defendant was convicted." Appellant's Brief at 44. This is a proper challenge to the sufficiency of the evidence, but fails on the merits. Appellant was convicted of five counts of institutional sexual assault of a minor, five counts of unlawful contact with a minor, one count of corruption of minors and one count of endangering the welfare of children with respect to Minor 1. N.T., 9/6/19, at 4-6; Verdict Slip at 1-2. Minor 1 clearly testified to more than five separate sexual assaults, as he testified that Appellant assaulted him at least six different locations on the Devereux campus. N.T., 9/4/19, at 62-74. Minor 3 testified to two separate assaults while he was at Devereux. ***Id.*** at 143-45. Appellant, however, was convicted of only one count of each offense with respect to Minor 3. N.T., 9/6/19, at 6; Verdict Slip at 2.

Appellant's argument that the verdict must be set aside as against the weight of the evidence likewise fails. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the evidence at trial was so weak or the verdict was so contrary to the evidence that the verdict shocks the conscience of the trial court. ***Gilliam***, 249 A.3d at 269-70; ***Antidormi***, 84 A.3d at 758. Our review of the denial of a motion for

a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. *Commonwealth v. Clemons*, 200 A.3d 441, 463-64 (Pa. 2019).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

*Antidormi*, 84 A.3d at 758 (quoting *Commonwealth v. Clay*, 64 A.3d 1049, (Pa. 2013)) (brackets omitted).

> Here, the trial court concluded:
>
> The evidence of record does not support Defendant's argument that the verdict is so contrary to the evidence as to shock one's sense of justice and make an award of a new trial imperative. The testimony of the three victims shows Defendant engaged in sexual conduct with each of them while they resided at Devereux. All three victims provided specific testimony regarding the sexual acts performed upon them by Defendant. The testimony shows that these acts took place at Devereux in places w[h]ere most residents as well as staff members knew there were no surveillance cameras. The evidence of record further supports the victims' testimony that they were shown sexually explicit videos and Defendant took sexually explicit photos of the victims. It is up to the jury to resolve any conflict or inconsistencies within the testimony. The jury was entitled to believe the testimony offered by the victims and render a decision based upon that testimony.

Trial Court Opinion and Order, 10/26/20, at 8. The record supports the trial court's analysis. Accordingly, the trial court did not abuse its discretion in

- 13 -

denying Appellant's post-sentence motion for a new trial on weight of the evidence grounds.

Neither of Appellant's remaining issues merits relief. In the first of these issues, Appellant argues that the trial court erred in permitting Minor 3 to testify to sexual incidents that occurred at the party outside of Devereux that were not the basis of any of the charges against Appellant because this constituted evidence of other acts that was inadmissible under Pa.R.E. 404(b). We may reverse a trial court ruling on the admissibility of evidence only where it is shown that the trial court abused its discretion. *Gilliam*, 249 A.3d at 271; *Commonwealth v. Akhmedov*, 216 A.3d 307, 316 (Pa. Super. 2019) (*en banc*); *Commonwealth v. Gad*, 190 A.3d 600, 603 (Pa. Super. 2018).

> An appellate court will not find an abuse of discretion "based on a mere error of judgment, but rather ... where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Importantly, an appellate court should not find that a trial court abused its discretion merely because the appellate court disagrees with the trial court's conclusion.

*Commonwealth v. Gill*, 206 A.3d 459, 466-67 (Pa. 2019) (quoting *Commonwealth v. Eichinger*, 915 A.2d 1122 (Pa. 2007)) (ellipsis and brackets in original, citations omitted).

Pennsylvania Rule of Evidence 404(b) provides:

(1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

(3) *Notice in a Criminal Case*. In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b). For evidence of other acts to be admissible under Rule 404(b)(2), there must be a close factual nexus between the other acts and the crime or crimes with which the defendant is charged. *Gilliam*, 249 A.3d at 272; *Akhmedov*, 216 A.3d at 316. In determining whether the value of the evidence outweighs the potential for unfair prejudice, the court may consider whether the possible prejudicial effect can be reduced by a cautionary jury instruction. *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007); *Gilliam*, 249 A.3d at 272.

The Commonwealth sought to admit Minor 3's testimony concerning sex acts at the party to show a common plan of using sex with a woman as an enticement to obtain the other victims' acquiescence in his sexual acts with them, to corroborate Minor 1's testimony that Appellant told him that Minor 3 had had sex with the woman, and to prove that Appellant was acting with sexual intent in his conduct with Minor 3 at Devereux. N.T., 9/3/19, at 5-10; Commonwealth's Pa.R.E. 404(b) Motion at 5-14. The trial court found that Minor 3's testimony concerning the sex acts at the party was relevant for these

permissible purposes.  N.T., 9/3/19, at 15-16; Trial Court Opinion and Order, 10/26/20, at 6-7.

This determination is supported by the record.  Both Minor 1 and Minor 2 testified that Appellant in his early sexual approaches told them that they could have sex with a woman that he showed them in video on his phone. N.T., 9/4/19, at 55-64, 195-99.  Minor 1 also testified that Appellant talked about having a "threesome" with the woman and told him that Minor 3 had sex with the woman.  *Id.* at 56-58, 75-76.  Minor 3's testimony that he had sex with a woman at a party to which Appellant took him and that he and Appellant had sex with the woman at the same time was thus relevant both to show Appellant's pattern of using sex with a woman as an enticement and to corroborate Minor 1's testimony.

In addition, Minor 3's testimony that Appellant performed oral sex on him at the party was relevant to prove Appellant's intent with respect to the assaults on Minor 3.  The conduct with respect to Minor 3 on which the charge institutional sexual assault of a minor was based was Appellant's touching of Minor 3's genitals at Devereux.  For such conduct to constitute institutional sexual assault, the Commonwealth was required to prove that Appellant acted with intent to arouse or gratify sexual desire.  18 Pa.C.S. § 3124.2(a.1) (defining institutional sexual assault of a minor as engaging "in sexual intercourse, deviate sexual intercourse or indecent contact with an inmate, detainee, patient or resident who is under 18 years of age"); 18 Pa.C.S. §

3101 (defining "indecent contact" as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person"). The fact that Appellant later performed oral sex on Minor 3 is relevant and admissible to show that his intent in touching Minor 3's genitals was sexual arousal or gratification. *See Commonwealth v. Wattley*, 880 A.2d 682, 685-88 (Pa. Super. 2005) (evidence of other subsequent sexual assaults on same victim admissible under Rule 404(b)(2) to prove the defendant's intent), *appeal dismissed as improvidently granted*, 924 A.2d 1203 (Pa. 2007).

There was also a close factual nexus between the sex acts at the party and the crimes with which Appellant was charged. The acts at the party involved one of the same victims, Minor 3, not an incident with a third party, and were the subject of a conversation with another victim, Minor 1, in which Appellant was enticing that victim to engage in sex acts with him. The acts at the party also occurred close in time to the crimes with which Appellant was charged. The assaults on Minor 3 at Devereux occurred between March 2017 and August 24, 2017, the sexual overtures and assaults on Minor 1 began in December 2017, and the last of the assaults with which Appellant was charged occurred in February 2018. The acts at the party occurred in or about October 2017, in the middle of this period.

Moreover, the potential for any prejudice was minimized by a cautionary jury instruction. The trial court specifically instructed the jury that Minor 3's

testimony concerning Appellant's sexual contact with him at the party could be considered by them only to show Appellant's intent in his other conduct with the victims and to corroborate other testimony and that Appellant was not on trial for the conduct at the party. N.T., 9/5/19, at 243. Appellant did not object to this instruction or request any additional cautionary instruction. *Id.* at 251. Given this instruction, the probative value of this evidence outweighed the potential for unfair prejudice.

Appellant argues that he is entitled to a new trial because the Commonwealth did not provide reasonable notice of the evidence of other acts in advance of trial as is required by Rule 404(b)(3) and he did not have adequate time to investigate Minor 3's new allegations. We do not agree.

While the Commonwealth filed its motion only four days before trial, it is undisputed that the Commonwealth did not learn of evidence of sex acts at the party involving Minor 3 until its final trial preparation with Minor 3 the day before it filed the motion. N.T., 9/3/19, at 3-4; Appellant's Brief at 44. It is also undisputed that the Commonwealth immediately disclosed the new information to Appellant's counsel. N.T., 9/3/19, at 3, 11; Appellant's Brief at 44. Appellant's claim that he needed time to investigate the new accusations concerning the party is belied by the record.[4] The trial court asked Appellant's

_____

[4] The allegation that Appellant took Minor 3 to a party was not new information previously unknown to Appellant. Minor 3 had asserted in his initial statement that Appellant had taken him to a party after he left Devereux at which
*(Footnote Continued Next Page)*

- 18 -

counsel if he needed time to investigate the new information and Appellant's counsel said that he did not. N.T., 9/3/19, at 16. After ruling that Minor 3's testimony that he and Appellant had sex with the woman at the party and that Appellant performed oral sex on him was admissible, the trial court asked Appellant's counsel: "[D]o you need more time to prepare as a result of that, or are we ready for trial?" *Id.* Appellant's counsel responded: "We're still ready, Your Honor. We prepared in case either -- it went either way." *Id.*

Because Minor 3's testimony concerning the party to which Appellant took him was probative of common scheme and intent and as corroboration of another victim's testimony and the trial court took steps to prevent any prejudice, the trial court did not abuse its discretion in admitting this testimony. Appellant is therefore entitled to no relief on this issue.

In his final issue, Appellant argues that the trial court erred in denying his motion for a new trial based on after-discovered evidence. This argument is without merit.

A convicted defendant may be granted a new trial based on after-discovered evidence only if the following four requirements are met: (1) the

_____

Appellant had touched him, Appellant had sex with a woman and Appellant encouraged him to have sex with a woman, and that statement had been provided to Appellant in discovery. N.T., 9/3/19, at 4, 9-10, 14-16. Minor 3's allegations that he had sex with the woman at the party and that Appellant performed oral sex on him at the party, were, however, new information of which both the Commonwealth and Appellant were unaware until five days before trial. *Id.* at 4-5.

new evidence could not have been obtained during or prior to trial through reasonable diligence; (2) the new evidence is not merely corroborative or cumulative of evidence that was admitted at trial; (3) the new evidence will not be used solely to impeach credibility; and (4) the new evidence would likely result in a different verdict. ***Commonwealth v. Small***, 189 A.3d 961, 972 (Pa. 2018); ***Commonwealth v. Griffin***, 137 A.3d 605, 608 (Pa. Super. 2016); ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1037 (Pa. Super. 2014). In addition to meeting these requirements, the proposed new evidence must be producible and admissible. ***Commonwealth v. Ford***, 141 A.3d 547, 557 (Pa. Super. 2016); ***Griffin***, 137 A.3d at 608; ***Trinidad***, 96 A.3d at 1037. We may reverse the trial court's denial of a motion for a new trial based on after-discovered evidence only if its ruling constitutes an abuse of discretion. ***Trinidad***, 96 A.3d at 1037.

The evidence at issue here does not satisfy the requirements for a new trial based on after-discovered evidence. The only new evidence that Appellant claimed to have discovered was proposed testimony of a former Devereux employee who worked in a different part of the Devereux campus, did not know Appellant, and did not claim to know Minor 1, Minor 2, or Minor 3. Supplemental Post-Sentence Motion at 1-3; N.T., 9/23/20, at 12. This witness did not claim to have any knowledge of events on which any of the charges against Appellant were based and would testify only that Devereux residents knew what parts of the campus had no cameras and that other

Devereux residents made false claims of sexual abuse or threatened to claim sexual abuse when Devereux staffers disciplined them. Supplemental Post-Sentence Motion at 2-4; N.T., 9/23/20, at 12.

The new witness's testimony concerning residents' knowledge of which locations lacked cameras was cumulative of other testimony admitted at Appellant's trial. Minor 1 testified that he knew that there were no cameras in the places where the assaults occurred and a Devereux supervisor testified that it was common knowledge at Devereux which places on its campus did not have cameras. N.T., 9/4/19, at 70-71, 114, 231-32. Indeed, the Commonwealth argued to the jury that everyone at Devereux knew which places had no cameras. *Id.* at 11, 20; N.T., 9/5/19, at 211, 217-18.

The witness's other proposed testimony was that individuals other than Minor 1, Minor 2, and Minor 3 had made or threatened to make false allegations of sexual abuse against Devereux employees. That testimony would not even be admissible as it showed nothing about Appellant, his accusers or the assaults of which Appellant was accused. After-discovered evidence of misconduct of other persons that are not the defendant's accusers and have no involvement in the defendant's case is not relevant or admissible evidence and cannot be grounds for a new trial. ***Griffin***, 137 A.3d at 610.

For the foregoing reasons, we conclude that none of the issues raised by Appellant merits relief. Accordingly, we affirm Appellant's judgment of sentence.

- 21 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021